JS-6

Kevin R. Lussier (State Bar No. 143821)
BERRY & PERKINS
A Professional Corporation
2049 Century Park East, Suite 950
Los Angeles, California  90067-3134
Telephone:   (310) 557-8989
Facsimile:    (310) 788-0080
E-mail: klussier@berryperkins.com

Attorney for Plaintiff
CHANEL, INC.

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>    Plaintiff,<br><br>v.<br><br>**GIODANI JEWELRY, INC.,** a dissolved California corporation**,** d/b/a Giodani Jewelry d/b/a Ameno Fashion Jewelry d/b/a GiodaniJewelry.com; **AL QING FANG aka KAROL Q. FANG,** an individual, d/b/a Giodani Jewelry d/b/a Ameno Fashion Jewelry d/b/a GiodaniJewelry.com d/b/a Starlet Co. d/b/a Starlet; **JASON DONG FANG a/k/a DONG FANG a/k/a JASON FANG,** an individual, d/b/a Giodani Jewelry d/b/a Ameno Fashion Jewelry d/b/a GiodaniJewelry.com d/b/a Starlet Co. d/b/a Starlet and DOES 1-10,<br><br>    Defendants. | Case No. CV 07 02448 GAF FFM<br><br>**FINAL JUDGMENT** |

IN ACCORDANCE with this Court's previously issued Order of March 9, 2009 granting Chanel, Inc.'s ("Chanel") Motion for Entry of Default Judgment against Defendants **GIODANI JEWELRY, INC.,** a dissolved California corporation**,** d/b/a Giodani Jewelry d/b/a Ameno Fashion Jewelry d/b/a GiodaniJewelry.com; **AL QING FANG aka KAROL Q. FANG,** an individual,

1  d/b/a Giodani Jewelry d/b/a Ameno Fashion Jewelry d/b/a GiodaniJewelry.com
2  d/b/a Starlet Co. d/b/a Starlet; **JASON DONG FANG a/k/a DONG FANG a/k/a**
3  **JASON FANG,** an individual, d/b/a Giodani Jewelry d/b/a Ameno Fashion Jewelry
4  d/b/a GiodaniJewelry.com d/b/a Starlet Co. d/b/a Starlet (collectively,
5  "Defendants"),

6      IT IS HEREBY ORDERED that *for the reasons set forth in the Court's*
7  *March 9, 2009, Memorandum and Order,* Final Judgment is ENTERED in favor
8  of Chanel and against Defendants, jointly and severally, on all counts asserted in
9  Chanel's Complaint, to wit: (1) trademark infringement under §32 of the Lanham
10 Act, 15 U.S.C. § 1114; (2) false designation of origin under § 43(a) of the Lanham
11 Act, *id.* § 2235(a); and (3) trademark dilution under § 43(c) of the Lanham Act, *id.*
12 § 1125(c).

13     IT IS FURTHER ORDERED AND ADJUDGED that Defendants'
14 infringement and counterfeiting of Chanel's trademarks was willful and malicious.

15     IT IS FURTHER ORDERED AND ADJUDGED that Defendant and each of
16 their respective agents, servants, employees, attorneys, and all other persons in
17 active concert or participation with any of the foregoing who receive actual notice
18 of this injunction by personal service or otherwise are hereby restrained and
19 enjoined from, intentionally and/or knowingly manufacturing or causing to be
20 manufactured, importing, advertising, or promoting, distributing, selling, or
21 offering to sell counterfeit and infringing goods using the Chanel Marks (as listed
22 in the attachment herewith); using the Chanel Marks in connection with the sale of
23 any unauthorized goods; using any logo, and/or layout which may be calculated to
24 falsely advertise the services or products of Defendant and/or any business or
25 website, as being sponsored by, authorized by, endorsed by, or in any way
26 associated with Chanel; falsely representing themselves as being connected with
    Chanel, through sponsorship or association; engaging in any act which is likely to
    falsely cause members of the trade and/or of the purchasing public to believe any

BERRY & PERKINS
A PROFESSIONAL CORPORATION

goods or services of Defendants and/or any business or website, are in any way endorsed by, approved by, and/or associated with Chanel; using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants and/or any business or website; affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants and/or any business or website, as being those of Chanel or in any way endorsed by Chanel; offering such goods in commerce; and from otherwise unfairly competing with Chanel; secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

IT IS FURTHER ORDERED AND ADJUDGED:

Pursuant to 15 U.S.C. § 1117(c) ***and for the reasons set forth in the Court's March 9, 2009, Memorandum and Order*** statutory damages are awarded against Defendants, jointly and severally, and in favor of Chanel in the amount of $720,000.00.

This case is "exceptional" as that term is used in 15 U.S.C. § 1117 and Chanel is awarded $11,300.00 in attorneys' fees. Chanel is awarded litigation costs in the amount of $750.00.

1     This Judgment shall accrue interest at the rate prescribed by 28 U.S.C. § 1961.

3     IT IS SO ORDERED.

4 DATED: _April 20, 2009

*[signature: Gary Feess]*

Judge Gary Allen Feess
United States District Court

NOTE: CHANGES MADE BY THE COURT

ATTACHMENT

"CHANEL MARKS"

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CC MONOGRAM | 1,501,898 | August 30, 1988 |
| CC MONOGRAM | 3,025,936 | December 13, 2005 |
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CHANEL | 0,906,262 | January 19, 1971 |

BERRY & PERKINS
A PROFESSIONAL CORPORATION